**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4051-18T1

LORRAINE KING, as Proposed
Administratrix of Estate of
UMAR KING,

     Plaintiff-Respondent,

v.

CITY OF JERSEY CITY,
JERSEY CITY POLICE
DEPARTMENT,

     Defendants-Respondents,

COUNTY OF HUDSON,
HUDSON COUNTY SHERIFF'S
DEPARTMENT,

     Defendants-Appellants.

_____

Argued telephonically August 25, 2020 –
Decided September 11, 2020

Before Judges Alvarez and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law
Division, Hudson County, Docket No. L-0309-19.

Cindy Nan Vogelman argued the cause for appellants (Chasan, Lamparello, Mallon & Cappuzzo, PC, attorneys; Cindy Nan Vogelman, of counsel and on the briefs; Qing H. Guo, on the briefs).

Joshua Annenberg argued the cause for respondent Lorraine King (Joshua Annenberg and DeSimone & Associates, attorneys; Joshua Annenberg, of counsel and on the brief; Ralph DeSimone, on the brief).

Respondents City of Jersey City and Jersey City Police Department, have not filed a brief.

PER CURIAM

Defendants County of Hudson (the County) and Hudson County Sheriff's Department (HCSD) appeal from a February 15, 2019 Law Division order granting plaintiff Lorraine King, as proposed Administratrix of the Estate of Umar King (the Estate), leave to file a late notice of claim under the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. The decision was rendered in the absence of oral argument or written statement of reasons. Below the signature line on the order, the following is noted: "Opposition was filed late and not considered according to Rule 1:6-3."[1] The appeal notice also includes the judge's April 26, 2019 denial of reconsideration. Following that signature line, the order states

---

[1] As we discuss later in this opinion, the trial judge may have overlooked timely opposition filed by defendants in a parallel proceeding bearing a different docket number.

the motion is "[d]enied pursuant to N.J.S.A. [59:8-9]. Plaintiff's motion of February 15, 2019 was granted in accordance with N.J.S.A. [59:8-9]. Extraordinary circumstances were shown as to why the notice of claim was not filed within the period of time prescribed by section 59:8-8."

We vacate the orders because the court failed to "find the facts and state its conclusions of law" as required by Rule 1:7-4(a). Furthermore, given the confused state of the record, we remand so the parties may participate in a Lopez[2] hearing.

We note that plaintiff's motion "to file a late notice of claim . . . [and] to compel production of documents pursuant to the Open Public Records Act," was submitted on an "affirmation" of counsel. The submission blended together legal arguments and factual representations more properly made by those with personal knowledge and legal arguments. No such filing is authorized by the rules. In fact, Rule 1:6-6 provides when "a motion is based on facts not appearing of record . . . the court may hear it on affidavits made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify . . . ."

---

[2] Lopez v. Swyer, 62 N.J. 267 (1973).

A-4051-18T1

Decedent's administratrix submitted an affidavit, referred to in the body of the text as an affirmation, stating that her son was tragically killed on January 23, 2018, while standing at a Jersey City bus stop. Apparently, the bus stop was struck by a car that had been hit by a fleeing suspect. In her affidavit, the administratrix explained she was told by the Jersey City Police Department (JCPD) that police officers engaged in the high-speed chase. She claimed the investigative report "did not mention the police car or the officers in the description of the accident." On an unspecified date, she retained counsel, who on April 20, 2018, filed a notice of tort claim against JCPD.

The report noted that the Hudson County Prosecutor's Office was investigating. Thereafter, on June 20 and June 25, 2018, plaintiff's counsel made New Jersey Open Public Records Act (OPRA) requests, N.J.S.A. 47:1A-1 to 13, to Jersey City and, mistakenly, to the Hudson County Improvement Authority.

Jersey City responded that the request would be:

> forwarded to the relevant City department(s) to locate the information you seek and to determine the volume and any costs associated with satisfying your request . . . . PLEASE NOTE: The State Public Information Act does not require a governmental body to create new information, to do legal research, or to answer questions.

The Hudson County Improvement Authority OPRA request form included in the appendix from the Jersey City OPRA Center indicates: "Your request is denied as overly broad . . . ." The response suggested that the inquirer "contact the Office of the Hudson County Prosecutor's for the requested records. The following link will route you to OPRA page for said office . . . ."

County Counsel certified in support of the motion for reconsideration that a copy of the order was not received from the court or plaintiff's attorney. Counsel accessed the order in the court e-filing system on March 15.

Although not entirely clear, it seems that plaintiff filed two separate motions under two separate docket numbers. Defendants' opposition to the application for late filing was made under the docket number of the matter that plaintiff subsequently dismissed. The judge who decided the motion never received a copy, and inaccurately marked the motion as "unopposed."

In her affidavit, the Administratrix further stated:

> I understand that in late June 2018, my counsel served OPRA requests . . . .
>
> More recently, however, I read an old newspaper article that the police officers involved in the chase were Hudson County Sheriff's Department officers.
>
> Consequently, based upon the conflicting information I now have — what I was originally told by the JCPD, the acknowledgment of my notice of claim by [Claims

Resolution Corporation], the complete lack of response by the City and County to my counsel's OPRA requests, and the new information I have contained in the newspaper article I recently read -- I respectfully request that my motion to compel the City and County to respond to my counsel's OPRA requests, and if necessary, permission to file late notice of claim against the County and HCSD be granted.

On appeal, defendants raise the following points of error:

POINT I
THE COMPLAINT MUST BE DISMISSED BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING EXTRAORDINARY CIRCUMSTANCES TO PERMIT PLAINTIFF TO FILE A LATE NOTICE OF TORT CLAIM.

A.      Standard of Review for Late Tort Claims Notice.

B.      New Jersey Tort Claims Act.

C.      Serving an OPRA Request almost Five Months After the Accident on an Entity Other Than the County Defendants and Review of an Undated "Old" Newspaper Article Are Not Extraordinary Circumstances under the Tort Claims Act.

POINT II
THIS COURT SHOULD EXERCISE ORIGINAL JURISDICTION AND DECIDE THE ISSUE INSTEAD OF A REMAND.  (Not raised below.)[3]

---

[3]  In plaintiff's responding brief, plaintiff argues three points, including the request we exercise original jurisdiction over the matter because of alleged "obscuring" of the real perpetrator by other governmental entities.  No notice of cross-appeal was filed.

I.

This court reviews "a trial court's application of the extraordinary circumstances exception [to the TCA] for abuse of discretion." O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344 (2019). We examine denials of leave to file a late claim more carefully than grants. Ibid. "'[A]ny doubts as to whether extraordinary circumstances exist 'should be resolved in favor of the application.'" Ibid. (quoting Lowe v. Zarghami, 158 N.J. 606, 629 (1999)). In this case, however, we cannot determine if the judge applied the necessary fact-sensitive analysis.

Because no statement of reasons was placed on the record, or otherwise memorialized, we cannot even discern which date the judge used as the date of accrual. See Beauchamp v. Amedio, 164 N.J. 111, 117-18 (2000). The accrual date can be tolled where an injured party is unaware of the identity of the alleged tortfeasor, however, the question requires evaluation of whether it is reasonable to impose upon the injured party the obligation to have learned of the identity earlier. Id. at 117; Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 135 (2017).

It is well-established that "[t]he Legislature imposed two standards for the grant of permission to file a late notice of claim: first, that there be a showing

of 'sufficient reasons constituting extraordinary circumstances' for the claimant's failure to timely file, and second, that the public entity not be 'substantially prejudiced' thereby." McDade v. Siazon, 208 N.J. 463, 477 (2011) (quoting N.J.S.A. 59:8-9). Neither issue was mentioned in the judge's decision.

In deciding if extraordinary circumstances exist, a judge must assess whether the discovery rule applies—and its application depends on "whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another." Ben Elazar, 230 N.J. at 134 (quoting Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001)). Thus, the date of accrual can be the date of the injury or arrived at through application of the discovery rule. See McDade, 208 N.J. at 475. We cannot discern the judge's reasoning; therefore, a remand is warranted for him to clarify his selection of an accrual date, the reasons constituting extraordinary circumstances, and the absence of prejudice.

## II.

The Administratrix's affidavit described that on some unspecified date for reasons not explained she "read an old newspaper article" about the accident that brought the HCSD's possible involvement to her attention. The paucity of detail prevents the Law Division judge from fairly ruling on the papers. Ordinarily, a

cause of action with a disputed accrual date will, particularly in those cases requiring credibility determinations, call for an evidential hearing.  See Lopez, 62 N.J. at 272.  This is such a case.  The reasonableness of the belated discovery, under well-established precedent, requires close scrutiny.  A Lopez hearing is required.

III.

In light of our conclusions regarding the voids in the record, we cannot exercise original jurisdiction.  See R. 2:10-5; Henebama v. Raddi, 452 N.J. Super. 438, 452 (App. Div. 2017) ("We must exercise our original fact-finding authority sparingly and only in clear cases that are free of doubt.")

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4051-18T1